to retax and set aside the said items of $20 and the $10 on each tract or lot, amounting to $360. The order of the County Court is reversed and the case remanded to the County Court with directions to retax the costs by striking therefrom said items.

*Reversed and remanded with directions.*

Harry C. Bunn, Appellant, v. Nettie B. Smith, Appellee.

(Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

## Statement of the Case.

Action by Harry C. Bunn against Nettie B. Smith to recover the sum of $1,800 as a real estate broker's commission. The case was tried by a jury and at the close of plaintiff's testimony the court directed a verdict for defendant. To reverse a judgment entered on the verdict, plaintiff appeals.

Defendant and her two brothers owned a store building occupied by a certain company as a tenant. Plaintiff testified that he called defendant by telephone and conversed with her as follows: "I told her I had a customer who would pay $87,000 for the building; she said she couldn't accept it; she said her brother had always told her that it was worth $90,000, and they ought to have it, she referred to Dudley, and she also said she wouldn't feel right to take a less amount. I said if I get a customer *who will* give you $90,000 will you sell?" And she said she would, and I said all right." After this conversation plaintiff testified that he had a talk with the manager of the store and pro-

cured the name of Mr. Smith, the vice-president of the company, and wrote to him; that Mr. Smith later called upon him and that he (Mr. Smith) finally made the remark: ''I expect we will have to buy this building, you get Miss Smith (the defendant) to come to the store.'' Plaintiff further testified that he then went to look for defendant and that Mr. Smith went to the store; that after the latter reached the store the manager called in the defendant and very soon thereafter he (plaintiff) entered the store and spoke to defendant and said: ''I have been looking and telephoning for you,'' and that she said: ''I can sell to these people as well as you can. I didn't tell you to sell my building;'' that he said: ''Don't you remember my offering you $87,000?'' That she said: ''Yes, and I refused it;'' that he said: ''Didn't you tell me you would take $90,000 and you said yes?'' That she said: ''My price is $90,000 and I won't give a commission;'' and that he said: ''If you sell it to those people you will have to pay a commission.'' It appeared that some months later defendant and her brother sold the building to the company which occupied it as a tenant and of which Mr. Smith was vice-president.

DeMange, Gillespie & DeMange, for appellant.

Barry & Morrissey, for appellee.

Mr. Justice Scholfield delivered the opinion of the court.

### Abstract of the Decision.

1. Brokers, § 7*—*when evidence insufficient to show employment.* In an action to recover real estate brokerage commissions, evidence *held* insufficient to show any employment by the defendant to sell her property.

2. Brokers, § 32*—*necessity of employment.* The mere fact that a real estate agent was instrumental in finding a purchaser

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

who afterwards purchased the property from the owner at the price the latter told him she would take for it does not entitle the agent to a commission, unless he is able to show he was employed by her to find a purchaser.

## The First National Bank of Lincoln, Appellant, v. Harry E. Starkey et al., Appellees.

1. CREDITORS' SUIT, § 11*—*when creditor's bill will not lie to reach trust funds.* By section 49 of the Chancery Act (J. & A. ¶ 929) a creditor's bill will not lie to reach a fund held in trust when the trust or the fund has proceeded in good faith from some person other than the judgment debtor.

2. CREDITORS' SUIT, § 9*—*when distributive share of legatee cannot be reached.* A creditor's bill will not lie to reach the distributive shares of judgment debtors, as legatees under a will, before the order of distribution is made, where there is no fraud on the part of the executors and they have honestly and openly received the estate.

Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

C. EVERETT SMITH and THOMAS D. MASTERS, for appellant.

W. A. COVEY, for appellees.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This is a bill in chancery filed by the First National Bank of Lincoln, Illinois, the appellant, against Charles A. Nicholson and Harry E. Starkey, executors of the last will and testament of Aaron B. Nicholson, deceased, in their capacity as executors and also against other persons in their individual capacity to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.